T.C. Summary Opinion 2006-39


UNITED STATES TAX COURT


CARL F. AND FRANCES R. BUTLER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20347-04S.          Filed March 16, 2006.


Carl F. and Frances R. Butler, pro sese.

Bradley C. Plovan, for respondent.


GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $5,371 for the taxable year 2002.

The issues for decision are: (1) Whether petitioners are entitled to an itemized deduction for medical expenses claimed on their Schedule A; (2) whether petitioners are entitled to claim Schedule C business expenses; and (3) whether petitioners are entitled to Schedule E expenses of $3,368.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners Carl F. Butler (Mr. Butler) and Frances R. Butler (Mrs. Butler) were married and resided in Keyser, West Virginia, during the taxable year at issue and on the date the petition was filed in this case.

Petitioners' daughter, Carla Rae Butler (Carla), was diagnosed with cancer in 2001 and began chemotherapy treatments at the Johns Hopkins Hospital (Hopkins) in Baltimore, Maryland. During taxable year 2002, Carla continued receiving treatment at Hopkins. Mrs. Butler and Carla would drive to Baltimore and would stay at Hopkins almost every week from "Tuesday through Friday or Saturday" during Carla's treatment and then return home. During this time, Mr. Butler stayed home in Keyser, West Virginia, and looked after petitioners' two other daughters.

Mrs. Butler usually stayed in Carla's hospital room during the treatments at Hopkins. In connection with Carla's treatment, during taxable year 2002, petitioners received two grants of financial assistance from the National Children's Cancer Society of $708 and $472.

Also, during taxable year 2002, Mr. Butler was retired and received Social Security benefits. He suffered from a heart condition, which required him to take several prescription medications. During 2002, he received Medicare reimbursements which paid toward his medications and other medical expenses. Mrs. Butler also had medical issues during 2002.

During the year in issue, Mrs. Butler was employed as a respiratory therapist at Potomac Valley Hospital in Keyser, West Virginia. Mrs. Butler's employer, during 2002, deducted from her earnings health insurance premiums totaling $1,528.30. She was also a self-employed respiratory therapist for Mid-State Medical during the 2002 year. As a self-employed therapist, she made home visits to clients, performing respiratory therapy on them and regulating their medical equipment.

Also, during the year in issue, petitioners owned rental property consisting of a 1972 Challenger trailer (trailer) and land. Mr. Butler purchased the trailer in 1974 and converted it into rental property in either 1993 or 1994. Petitioners rented

the trailer to Frank and Nora Miller (Millers) for about 7 months.  The Millers paid petitioners $200 per month rent.

Petitioners filed a joint Federal income tax return for 2002, which included a Schedule A, Itemized Deductions, a Schedule C, Profit or Loss From Business, and a Schedule E, Supplemental Income and Loss.  Their return was prepared by Fout's Accounting Service in Keyser, West Virginia.

On their jointly filed 2002 tax return, petitioners reported adjusted gross income of $30,878, and claimed Schedule A itemized deductions of $16,094.

On their Schedule A, petitioners claimed the following deductions, in pertinent part:

|  | Itemized Deductions | Amount |
|---|---|---|
| Line  1 | Medical and dental expenses | $10,723 |
| Line  4 | Net medical deduction | 8,407 |
| Line  5 | State and local income taxes | 1,409 |
| Line  6 | Real estate taxes | 1,303 |
| Line  9 | Total taxes | 2,712 |
| Line 10 | Mortgage Interest | 3,083 |
| Line 14 | Total interest deduction | 3,083 |
| Line 15 | Gifts by cash or check | 1,642 |
| Line 16 | Gifts other than by cash or check | 250 |
| Line 18 | Total gifts to charity | 1,892 |
| Line 26 | Net limited misc. deduction | 0 |
| Line 28 | Total itemized deductions | 16,094 |

Mrs. Butler attached to their 2002 Federal income tax return a Schedule C.  On her schedule C for taxable year 2002, Mrs. Butler listed as her principal business or profession: "Respiratory Tech".  She reported $10,510 of business income, $10,659 in business expenses, and $771 for expenses for business

use of petitioners' home.  This resulted in a reported business loss of $920.  Mrs. Butler's Schedule C business expenses were as follows:

| Line 10 | Car and truck expenses | $5,099 |
|---------|------------------------|--------|
| Line 16b | Interest (other) | 1,042 |
| Line 17 | Legal and professional services | 125 |
| Line 18 | Office expense | 656 |
| Line 23 | Taxes and licenses | 150 |
| Line 24d | Travel, meals, and entertainment | 703 |
| Line 25 | Utilities | 804 |
| Line 27 | Other expenses | 2,080 |
| Line 28 | Total expenses | $10,659 |
| Line 30 | Expenses for business use of your home | 771 |
| Line 31 | Net profit or loss | ($920) |

On their Schedule E for taxable year 2002, petitioners reported income of "rents received" of $1,200 and deducted $3,368 in expenses and depreciation.  This resulted in a reported "Supplemental Loss" of $2,168.  Petitioners' Schedule E expenses were as follows:

| Line  6 | Auto and travel | $655 |
|---------|-----------------|------|
| Line 16 | Taxes | 237 |
| Line 17 | Utilities | 224 |
| Line 18 | Other (yard work and gas mower) | 322 |
| Line 20 | Depreciation expense or depletion | 1,930 |
| Line 21 | Total expenses | $3,368 |

On October 14, 2004, respondent issued petitioners a notice of deficiency for taxable year 2002.  In the notice of deficiency, respondent disallowed petitioners' claimed deductions for medical and dental expenses along with gifts to charity.  The dollar amount of the remaining itemized deductions was less than the 2002 standard deduction for taxpayers married filing jointly; therefore, respondent computed petitioners' 2002 tax deficiency

using the standard deduction. Further, respondent, in the notice of deficiency, disallowed petitioners' claimed deductions for Schedule C expenses of $10,659 and Schedule E expenses and depreciation of $1,438 and $1,930, respectively.

At trial, respondent conceded that petitioners have substantiated taxes paid of $1,409, mortgage interest of $3,852, and medical expenses of $4,468. However, due to certain limitations these amounts still do not exceed the standard deduction for taxpayers married filing jointly in 2002.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[1] Baker v. Commissioner, 122

---

[1] We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be

(continued...)

T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the present case.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense, bearing heavily against the

---

[1](...continued)
evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

taxpayer whose inexactitude in substantiating the amount of the expense is of his own making, and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). With these well-established propositions in mind, we must determine whether petitioners have satisfied their burden of proving that they are entitled to the claimed expenses mentioned above.

## 1. Medical and Dental Expenses

As previously stated, on their Schedule A for taxable year 2002, petitioners claimed a deduction of $10,723 for medical and dental expenses incurred during taxable year 2002. Respondent, at trial, conceded that petitioners substantiated medical and dental expenses incurred during taxable year 2002 of $4,468. However, respondent notes that petitioners did receive reimbursement from the National Children's Cancer Society, Inc. for medical expenses paid relating to Carla of $1,180, which would decrease any deduction allowed for medical and dental expenses paid. Further, respondent contends that petitioners

have not substantiated medical and dental expenses incurred during taxable year 2002 above the amount of $4,468.

Section 213(a) allows as a deduction any expenses that are paid during the taxable year for the medical care of the taxpayer, his spouse, and dependents, and that are not compensated for by insurance or otherwise. Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982). The deduction is allowed only to the extent the amount exceeds 7.5 percent of adjusted gross income. Sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs. The term "medical care" includes amounts paid "for the diagnosis, cure, mitigation, treatment or prevention of disease, or for the purpose of affecting any structure or function of the body". Sec. 213(d)(1)(A); Estate of Smith v. Commissioner, supra at 318-319.

Petitioners claim they are entitled to a deduction of $10,723 for medical expenses incurred as a result of Carla's cancer treatments, Mr. Butler's heart ailments, and other miscellaneous medical expenses relating to Mrs. Butler and petitioners' other children.

At trial, petitioners offered into evidence handwritten lists of medical expenses they claim were incurred during taxable year 2002. However, some expenses on these lists are inconsistent with previous statements made by petitioners. We have taken into consideration all of the documents offered into

evidence by petitioners and find that petitioners have substantiated for taxable year 2002: (1) A mileage expense of $926.40[2] for "miles traveled to and from hospitals and doctors"; (2) a medical eye expense of $134; (3) a CT Scan expense of $163; (4)a hotel expense of $100;[3] and (5)other miscellaneous health and hospital expenses of $3,117. The amounts substantiated by petitioners add up to medical and dental expenses paid of $4,440.

Petitioners have not provided sufficient evidence to prove that medical expenses above the conceded amount of $4,468 were incurred during taxable year 2002. Further, the evidence in the record does not allow the Court to estimate any additional amount of medical expenses under the Cohan rule. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Due to the fact that the medical and dental expense deduction is allowed only to the extent that the amount exceeds 7.5 percent of petitioners' adjusted gross income and petitioners have not substantiated any additional miscellaneous itemized deductions which would add up to an amount that exceeds the amount of the standard deduction, we sustain respondent's

---

[2]This amount was calculated by multiplying petitioners' substantiated miles traveled of 7,720 by the taxable year 2002 allowable standard medical mileage rate of 12 cents per mile. See Rev. Proc. 2002-61, 2002-2 C.B. 616.

[3]Petitioners substantiated a hotel expense of $250.26 for an evening of lodging away from home. However, this expense is limited to $100 pursuant to sec. 213(d)(2).

disallowance of petitioners' claimed itemized deductions in favor of the standard deduction.

2.    Schedule C Expenses

A taxpayer generally may not deduct personal, living, and family expenses. Sec. 262(a). However, section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113-114. To be "ordinary" the transaction that gives rise to the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940).

As previously stated, section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. If the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making, and allow the deduction to that extent. Cohan v. Commissioner, supra.

In the case of travel expenses, entertainment expenses, and expenses paid or incurred with respect to listed property, e.g., passenger automobiles, section 274 overrides the Cohan doctrine, and expenses are deductible only if the taxpayer meets the section's stringent substantiation requirements. Secs. 274(d), 280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Section 274(d) specifically provides:

> SEC. 274(d). Substantiation Required.--No deduction or credit shall be allowed--
>
> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>
> (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,
>
> (3) for any expense for gifts, or
>
> (4) with respect to any listed property (as defined in section 280F(d)(4)),
>
> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

This section "contemplates that no deduction or credit shall be allowed a taxpayer on the basis of such approximations or unsupported testimony of the taxpayer."  Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, log, statement of expenses, trip sheet, or similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expense or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's record of the elements of expenditure or use must have "a high degree of probative value to elevate such statement and evidence" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.  Thus, no deduction for expenses under section 274(d) may be allowed on the basis of any approximation or the unsupported testimony of the taxpayer.  See, e.g., Murata v. Commissioner, T.C. Memo. 1996-321; Golden v. Commissioner, T.C. Memo. 1993-602.

At trial, Mrs. Butler testified that she calculated the Schedule C expenses herself and gave her accountant the worksheets with these calculations to complete petitioners' tax return.  However, Mrs. Butler did not offer her detailed worksheets into evidence.  She did not keep a trip sheet or log

to substantiate her claimed car and truck expenses. Mrs. Butler, however, provided the Court with a list of her purported business expenses. Also, included was a copy of a check made payable to "WV Board of Respiratory Care" of $55. We believe Mrs. Butler's testimony that she incurred other license expenses and continuing education credits of $95 and $260. However, when questioned as to the amounts claimed for the remaining business expenses on her Schedule C, Mrs. Butler's testimony was vague.

Furthermore, with regard to Mrs. Butler's deductions for her business use of her personal residence, section 280A is controlling. Under section 280A, the general rule is that, except as provided by this section, no deduction is allowable unless an allocable portion of the residence is exclusively used as the principal place of any business activity conducted by the taxpayer. All deductions allowable to the business use of the residence must be used to offset the amount of gross income from the business activity and is subject to the 2-percent floor on miscellaneous itemized deductions. Sec. 280A(a), (c)(1), (c)(5).

We have taken into consideration Mrs. Butler's testimony and the handwritten list of claimed Schedule C expenses. We conclude that petitioners are entitled to a business deduction totaling $410. However, we cannot estimate any amounts for petitioners' other business deductions under the Cohan rule. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

3. Schedule E Expenses

Section 212(2) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income, including real property. Sec. 1.212-1(h), Income Tax Regs.

Further, section 167 generally allows as a depreciation deduction a reasonable allowance for the exhaustion and wear and tear of property used in a trade or business, or property held for the production of income.

However, as previously stated, a taxpayer is required to maintain records sufficient to establish the amount of his income and deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In order for a taxpayer to be entitled to a deduction under section 212, he must substantiate his deductions by maintaining sufficient books and records.

Petitioners claim that when the Millers vacated the trailer in 2002, they took the carpeting, furniture, refrigerator, and stove. Petitioners testified that they replaced these items in taxable year 2002.

Unfortunately, the record lacks any receipts or other documentary evidence that would provide any substantiation or a rational basis upon which the Court could allow any deduction and depreciation with respect to the rental property. Further, we

note that it appears from the record that the trailer would have been fully depreciated by taxable year 2002. Therefore, we sustain respondent's determination on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.